CARY *et al. v.* LOVELL MANUF'G Co., Limited.

*(Circuit Court, W. D. Pennsylvania.* May 29, 1889.)

COSTS—DEPOSITIONS.

A number of depositions, taken in one or the other of two suits in other districts, brought by the present plaintiffs against other defendants for the infringement of the same patent, having been introduced by written agreement into this case, and read at the hearing "with the same force and effect as if taken in this suit," a solicitor's fee of $2.50 for each of said depositions is not here taxable under section 824, Rev. St.

In Equity. *Sur* exceptions to clerk's taxation of costs.
*John K. Hallock* and *W. Bakewell & Sons,* for exceptants.
*Witter & Kenyon, contra.*
Before McKENNAN and ACHESON, JJ.

PER CURIAM. By written agreement a number of depositions, taken in one or the other of two suits in other districts, brought by these plaintiffs against different defendants for the infringement of the same patent, were introduced into this case, and read at the hearing thereof, "with the same force and effect as if taken in this suit," and the question now arising is whether a solicitor's fee for each of said depositions is here taxable under section 824 Rev. St., which allows to the solicitor "for each deposition taken and admitted in evidence in a cause two dollars and fifty cents." Upon a like state of facts, Justice BLATCHFORD, in *Wooster* v. *Handy,* 23 Fed. Rep. 49, decided against the allowance of the fee, and so, also, did Judge SEVERENS, in *Winegar* v. *Cahn,* 29 Fed. Rep. 676. We concur in this conclusion, which, we think, is in harmony with both the letter and the spirit of the statute. By its express terms the deposition must be "taken" as well as "admitted in evidence" in the cause, and the manifest intention of the statute was to compensate for the labor and expense of taking the deposition. We therefore sustain the exceptions to the allowance by the clerk of $102.50 solicitor's fees for depositions taken in the suits of *Cary & Moen* v. *Domestic Spring-Bed Co.* and *Same* v. *R. H. Wolff & Co.* But the exception to the allowance of $53.20, traveling expenses, etc., incurred by the master, is overruled.